UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DR. RITA STARRITT, an individual; CHULA VISTA MEDICAL WEIGHT LOSS, INC., a California corporation; and MISSION VALLEY MEDICAL WEIGHT LOSS, INC., a California corporation,<br><br>    Defendants. | Case No.: 3:21-cv-788-CAB-BGS<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[Doc. No. 20] |

This matter is before the Court on Defendants' motion to stay. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, this motion is granted.

**I.   Background**

On November 12, 2019, Vincenzio Martinez filed a lawsuit (the "Underlying Lawsuit") against Dr. Rita Starritt ("Starritt"), Chula Vista Medical Weight Loss, Inc. ("CVML"), Mission Valley Medical Weight Loss, Inc. ("MVML"), Yolanda Julian DO, and Marriane Damasco Zurbano FNP-C (collectively, the "Underlying Defendants") in San Diego County Superior Court. Martinez asserted claims for medical negligence,

failure to provide informed consent, and negligence stemming from a stroke he suffered after taking a weight loss drug called Phentermine as prescribed during treatment with MVML, which was doing business as Weight Loss MD Chula Vista. [Doc. No. 1-4.]

On June 8, 2020, Starritt tendered the Underlying Lawsuit to Sentinel for defense and indemnity under a "Business Owners" insurance policy issued by Sentinel to MVML (the "Policy"). [Doc. No. 1 at ¶ 33.] Sentinel agreed to defend Starritt subject to a reservation of rights. [*Id.* at ¶ 34.] On February 12, 2021, CVML and MVML tendered their defense and indemnity in the Underlying Lawsuit to Sentinel under the Policy. [*Id.* at ¶ 35.] Sentinel agreed to defend MVML subject to a reservation of rights, but it denied coverage to CVML on the grounds that CVML is not an "insured" under the Policy. [*Id.* at ¶¶ 36-37.]

On April 21, 2021, Sentinel filed this lawsuit seeking declaratory relief that it does not have a duty to defend or indemnify Starritt, MVML, and CVML (collectively "Defendants") in the Underlying Lawsuit and seeking reimbursement of defense fees and expenses incurred defending Starritt and MVML. Defendants now move to stay this coverage lawsuit pending resolution of the Underlying Lawsuit, which is currently scheduled for trial beginning on January 29, 2022.

**II.   Discussion**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When considering a motion to stay, a court must weigh the competing interests affected by granting or denying a stay, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice

measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).[1]

Courts in this district have frequently found that these factors support staying insurance coverage actions until the underlying lawsuits are complete. *See, e.g., Citizens Ins. Co. of Am. v. Chief Digital Advisors*, No. 20-CV-1075-MMA (AGS), 2020 WL 8483913 (S.D. Cal. Dec. 22, 2020); *MS Amlin Corp. Member, Ltd. v. Bottini,* No. 20CV687-GPC(LL), 2020 WL 5966612 (S.D. Cal. Oct. 8, 2020); *Safeco Ins. Co. of Am. v. Nelson,* No. 20CV00211MMADEB, 2020 WL 3791675 (S.D. Cal. July 7, 2020). The reasoning of these cases is persuasive and supports the grant of a stay here as well

### A. Possible Damage to Sentinel Resulting From Granting a Stay

Defendants argue that Sentinel will not be damaged by a stay because "it is in the business of advancing defense costs and has a vehicle for obtaining reimbursement of such costs if, in fact, there is no coverage under the Policy." [Doc. No. 20-1 at 10.] Sentinel, meanwhile, contends that it will be damaged because it will continue to incur defense costs through trial of the Underlying Lawsuit for what Sentinel contends is an uncovered claim. [Doc. No. 24 at 18.]

"[C]ourts in this circuit have concluded that delaying a determination of an insurer's coverage obligations does not constitute damage under the factors set forth in *Landis*." *Citizens Ins. Co. of Am.*, 2020 WL 8483913, at *2 (citation omitted). The Court agrees that Sentinel's continued defense of Starritt and MVML in the Underlying Lawsuit is not

---

[1] In its opposition, Sentinel argues that it "has the right to pursue litigation against Defendants to resolve the coverage dispute," and then argues that a stay is not warranted under precedent addressing a court's discretion to abstain from exercising jurisdiction over a case seeking declaratory judgment when a similar or identical case is pending in state court. [Doc. No. 24 at 14.] Defendants, however, are not asking the Court to abstain from exercising jurisdiction; they are merely asking the Court to stay this case until the Underlying Lawsuit is complete. Thus, the *Landis* factors govern the Court's discretion here. *See, e.g., Safeco Ins. Co. of Am. v. Nelson*, No. 20CV00211MMADEB, 2020 WL 3791675, at *4 (S.D. Cal. July 7, 2020) (applying the *Landis* factors because the moving party did not raise issues of jurisdiction or comity).

damage under *Landis*. Indeed, considering that the Underlying Lawsuit is set for trial in January 2022, which is months before the expert discovery and pre-trial motion deadlines in this action, it appears likely that the Underlying Lawsuit (and Sentinel's defense of Starritt and MVML therein) will be complete before Sentinel's coverage obligations are decided in this action. Thus, Sentinel will continue to incur defense costs through trial in the Underlying Lawsuit regardless of whether the Court stays this case. Accordingly, the lack of damage to Sentinel weighs in favor of a stay.

## B. Hardship or Inequity to Defendants If Stay is Denied

Defendants argue that they will suffer hardship in having to litigate a "two front war" consisting of both this action and the Underlying Lawsuit, and because there are overlapping issues between the coverage issues in this action and the liability issues in the Underlying Lawsuit. According to Defendants, the denial of a stay creates the risk they will have to take positions here that would undermine their position in the Underlying Lawsuit.

"Courts have found that any prejudice (if at all) to the insurer in having to pay defense costs while the underlying case is pending is outweighed by prejudice to the insured in having to fight a 'two-front war.'" *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *6 (N.D. Cal. Feb. 12, 2019) (finding that the insured having to litigate on two fronts weighs in favor of a stay). Further, the overlap between Sentinel's position as to the application of the professional services exclusion and the Underlying Lawsuit's allegation that Starritt's liability to Martinez does not involve the rendering of professional services could also result in a hardship to Defendants, and in particular Starritt, in that they might have to take positions in this coverage lawsuit that would prejudice the defense of the Underlying Lawsuit. "[B]ecause of the overlap between the disputed facts in this action and in the [Underlying Lawsuit], Defendants have demonstrated prejudice to support a stay. *MS Amlin Corp. Member, Ltd.*, 2020 WL 5966612, at *7.

### C. Orderly Course of Justice

"[T]he third *Landis* factor requires the Court to assess the orderly administration of justice that will be served by a stay." *Citizens Ins. Co. of Am.*, 2020 WL 8483913, at *3. In light of the overlapping factual issues, resolution of the Underlying Lawsuit "will assist the Court in ultimately determining the coverage issues." *Id.* "[B]ecause there are disputed factual issues that overlap with the state court proceedings, this factor weighs in favor of a stay. Avoiding inconsistent rulings promote judicial efficiency and support a stay and developing the facts in state court will assist the Court once the coverage issues are decided." *MS Amlin Corp. Member, Ltd.*, 2020 WL 5966612, at *8 (internal citation omitted). Accordingly, this factor favors a stay as well.

### III. Conclusion

For the foregoing reasons, the motion to stay is **GRANTED**. This case is **STAYED** until the trial in the Underlying Lawsuit is completed. The parties shall file a joint status update on the earlier of (1) five days after a judgment is entered in the Underlying Lawsuit, and (2) March 1, 2022.

It is **SO ORDERED**.

Dated: September 3, 2021

Hon. Cathy Ann Bencivengo
United States District Judge